# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MICHAEL WILSON,  17-CV-5012 (RRM)(CLP)

                                  **Plaintiff,**

-against-

                                                        **DEFENDANT'S OBJECTIONS
                                                        AND RESPONSES TO**
NEW YORK AND PRESBYTERIAN HOSPITAL   **PLAINTIFF'S SUPPLEMENTAL**
d/b/a NEW YORK-PRESBYTERIAN HOSPITAL,   **INTERROGATORIES AND
                                                        DOCUMENT REQUESTS**

                                  **Defendant.**

-------------------------------------------------------------------X

       **PLEASE TAKE NOTICE** that, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rules 26.2 and Rule 26.3 of the Local Civil Rules of the United States District Court for the Eastern District of New York ("Local Rules") (collectively, the "Rules"), Defendant, The New York and Presbyterian Hospital ("Hospital"), by its attorneys Epstein Becker & Green, P.C., hereby objects and responds to Plaintiff's Supplemental Interrogatories and Document Requests.

       Defendant provides these objections and responses subject to and without waiver of any objections as to the competency, relevancy, materiality, privilege, and admissibility of any information or documents produced in response to any of the interrogatories or document requests. Further, Defendant expressly preserves the attorney-client privilege and all other privileges and protections, including protections afforded by the attorney work-product doctrine.

## GENERAL OBJECTIONS

       A.    Defendant objects to the interrogatories and document requests because they are untimely, seek information or documents that Plaintiff could have requested prior to the close of the discovery period, do not relate to new information provided during the deposition testimonies

of Defendant's witnesses, and exceed the scope of the Court's Order providing for supplemental post-deposition discovery.

B.  Defendant objects to the interrogatories because they exceed the twenty-five (25) interrogatories, including subparts, permitted by Fed. R. Civ. P. 33(a).

C.  Defendant objects to any interrogatory or document request insofar as it purports to impose obligations beyond those established by the Rules. Defendant will respond to each interrogatory and document request in accordance with the Rules and will not respond to the extent that any interrogatory or document request exceeds the requirements of the Rules or any applicable Court Order.

D.  Defendant objects to Plaintiff's definitions to the extent they exceed the definitions set forth in Fed. R. Civ. P. 34(a)(1)(A) and Local Civil Rule 26.3.

E.  Defendant objects to any interrogatory or document request that calls for a legal conclusion, seeks to intrude upon Defendant's litigation or trial strategy, or that seeks documents or information that are protected from disclosure by the attorney-client privilege, work-product doctrine, self-critical analysis privilege, and any other privilege, protection, or immunity recognized in statute or at common law. Defendant will not produce any document which is so protected. Any production of such documents or material is inadvertent and shall not be deemed a waiver by Defendant.

F.  Defendant objects to any interrogatory and document request to the extent it seeks documents or information that is not in Defendant's possession, custody, or control.

G.  Defendant objects to any interrogatory or document request insofar as it seeks documents or information that is not relevant to the subject matter of this action, or to the claims

2

or defenses asserted therein, or is not reasonably calculated to lead to the discovery of admissible evidence.

H.  Defendant objects to any interrogatory or document request insofar as it is overbroad, unduly burdensome, or vague.

I.  Defendant objects to any interrogatory or document request insofar as it seeks information or documents that are confidential and/or proprietary.

J.  Defendant objects to any interrogatory or document request insofar as it seeks documents or information not limited to the temporal period of discovery appropriate in this matter.

K.  Defendant objects to any interrogatory or document request to the extent that it constitutes an impermissible "catch-all" request.

L.  Defendant objects to any general request for electronically stored information insofar it is not sufficiently tailored so as to be reasonably calculated to lead to the discovery of admissible evidence.  To the extent it is necessary and appropriate to review or produce electronically stored information ("ESI"), such as e-mails and electronic messages, in connection with the discovery in this action, the parameters for review and possible production of such ESI shall be set by a mutual agreement of the parties, or if the parties cannot agree, by Court order, so as to avoid undue burden and expense.

M.  Defendant reserves the right to supplement these objections and responses as continuing investigation and discovery may indicate.

N.  Defendant incorporates each of the foregoing General Objections in each and every one of its objections and responses below and the production of documents or information

3

and the listing of certain specific objections shall not be deemed a waiver of these General Objections, all of which are preserved.

Notwithstanding the foregoing General Objections, and without waiving any of them as to any interrogatory or document request, Defendant objects and responds to Plaintiff's Supplemental Interrogatories and Document Requests, as follows:

## INTERROGATORIES

1. Identify with specificity as defined in the definitions and instructions, the names and total number of employees whose pay status was altered from overtime exempt to overtime non-exempt as a result of plaintiff's inquiry in or around July 2015.

**Objection and Response to Interrogatory No. 1:**

Defendant objects to Interrogatory No. 1 because it: (1) exceeds the permissible number of interrogatories permitted under the Rules; (2) is untimely, seeks information that Plaintiff could have requested prior to the close of the discovery period, does not relate to new information provided during the deposition testimonies of Defendant's witnesses, and exceeds the scope of the Court's Order providing for supplemental post-deposition discovery; and (3) seeks information that is more properly obtained through other discovery methods. Defendant further objects to the extent the interrogatory assumes that employees pay status was altered as a result of Plaintiff's inquiry or that Plaintiff made an inquiry in July 2015.

2. Identify with specificity as defined in the definitions and instructions, the total compensation, expenditure, or cost retroactively paid out by Defendant to the employees who had their pay status altered from overtime exempt to non-exempt as a result of plaintiff's inquiry in or around July 2015.

**Objection and Response to Interrogatory No. 2:**

Defendant objects to Interrogatory No. 2 because it: (1) exceeds the permissible number of interrogatories permitted under the Rules; (2) is untimely, seeks information that Plaintiff could have requested prior to the close of the discovery period, does not relate to new information provided during the deposition testimonies of Defendant's witnesses, and exceeds the scope of the Court's Order providing for supplemental post-deposition discovery; (3) seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, and (4) is overbroad and unduly burdensome in seeking total compensation, expenditure or cost retroactively paid out to non-party employees.

3. As previously requested in Plaintiff's Rule 26 Disclosures, identify with specificity as defined in the definitions and instructions, the current or last known addresses and telephone numbers, respectively, for Eric Carr, Geoff Schmolowitz, Ana Furnari, Jolie Singer, Ryan Johnston, Seth Kavanagh, Emily Davis, Steven Harris, and Chastity Hamilton Cruz.

**Objection and Response to Interrogatory No. 3:**

Defendant objects to Interrogatory No. 3 because it: (1) exceeds the permissible number of interrogatories permitted under the Rules; and (2) is untimely, seeks information that Plaintiff could have requested prior to the close of the discovery period, does not relate to new information provided during the deposition testimonies of Defendant's witnesses, and exceeds the scope of the Court's Order providing for supplemental post-deposition discovery. Subject to and without waiving any objections, Defendant refers Plaintiff to its Initial Disclosures and Objections and Responses to Plaintiff's First Set of Interrogatories (Objection and Response to Request No. 43).

## DOCUMENTS REQUESTED

1. Any and all notes, whether handwritten, electronic or otherwise, taken by any Human Resources Representative working for Defendant relating to Michael Wilson including, but not limited to, any notes that resulted from any particular meeting held between and Human Resources Representative and Michael Wilson.

**Objection and Response to Document Request No. 1:**

Defendant objects to Document Request No. 1 because it: (1) is overbroad (*i.e.*, the request seeks "any and all" notes); and (2) duplicative of the documents sought in Plaintiff's First Set of Interrogatories and Document Requests. Subject to and without waiver of any objections, Defendant refers Plaintiff to the e-mails and notes previously produced (DEF-SW0000001-3, DEF-ED0000001-96, DEF-EC0000001-479 and DEF 0000746-DEF 000752), for documents relating to notes prepared by Human Resources regarding meetings with Michael Wilson. Defendant has not located any additional documents responsive to this request.

2. Any and all employee evaluations performed or otherwise completed for Alan Pine.

**Objection and Response to Request No. 2:**

Defendant objects to Document Request No. 2 because it: (1) seeks documents that are neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence because the performance of Plaintiff's supervisor Alan Pine is not subject of this litigation; and (2) is untimely, seeks documents that Plaintiff could have requested prior to the close of the discovery period, does not relate to new information provided during the deposition testimonies of Defendant's witnesses, and exceeds the scope of the Court's Order providing for supplemental post-deposition discovery.

Firm:45634072

6

3. Any and all employee evaluations performed or otherwise completed for Sandra Aldea.

**Objection and Response to Request No. 3:**

Defendant objects to Document Request No. 3 because it: (1) seeks documents that are neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence because the performance of Plaintiff's supervisor Sandra Aldea is not subject of this litigation; and (2) is untimely, seeks documents that Plaintiff could have requested prior to the close of the discovery period, does not relate to new information provided during the deposition testimonies of Defendant's witnesses, and exceeds the scope of the Court's Order providing for supplemental post-deposition discovery.

4. Any and all complaints made, formally or informally, by any Hospital employee regarding Alan Pine.

**Objection and Response to Request No. 4:**

Defendant objects to Document Request No. 4 because it: (1) is overbroad, unduly burdensome and seeks documents that are neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence (*i.e.,* calls for "any and all complaints" without specifying, among other parameters, the time period or subject matter of the complaint); and (2) is untimely, seeks documents that Plaintiff could have requested prior to the close of the discovery period, does not relate to new information provided during the deposition testimonies of Defendant's witnesses, and exceeds the scope of the Court's Order providing for supplemental post-deposition discovery. Subject to and without waiving any objections, Defendant has not located any complaints made against Alan Pine.

5. Any and all complaints made, formally or informally, by any Hospital employee regarding Sandra Aldea.

**Objection and Response to Interrogatory and Request No. 5:**

Defendant objects to Document Request No. 5 because it: (1) is overbroad, unduly burdensome and seeks documents that are neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence (*i.e.,* calls for "any and all complaints" without specifying, among other parameters, the time period or subject matter of the complaint); and (2) is untimely, seeks documents that Plaintiff could have requested prior to the close of the discovery period, does not relate to new information provided during the deposition testimonies of Defendant's witnesses, and exceeds the scope of the Court's Order providing for supplemental post-deposition discovery. Subject to and without waiving any objections, Defendant has not located any complaints made against Sandra Aldea.

6. Plaintiff's job description from the time he was employed by Defendant, including any previous versions which were altered in the course of his employment.

**Objection and Response to Request No. 6:**

Defendant objects to Request No. 6 because it is duplicative of the documents sought in Plaintiff's First Set of Interrogatories and Document Requests. Subject to and without waiving any objections, *see* job description, previously produced (DEF000194-DEF000195) and additional job description, produced here with. (DEF 000771-DEF000772).

| | |
|---|---|
| Dated:  November 19, 2018 | EPSTEIN BECKER & GREEN, P.C.<br><br>By:_____<br>James S. Frank<br>Jennifer M. Horowitz<br><br>250 Park Avenue<br>New York, New York 10177-1211<br>Tel: 212.351.4500<br>jfrank@ebglaw.com<br>akosovych@ebglaw.com<br><br>*Attorneys for Defendant,*<br>*The New York and Presbyterian Hospital* |

To:   Howard E. Gilbert
      Jason A. Gilbert
      Gilbert Law Group
      425 Broadhollow Road
      Melville, New York 11747-4701
      *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

Adriana S. Kosovych, an attorney admitted to practice before this Court, hereby certifies under penalty of perjury that on November 19, 2018, she caused the foregoing Defendant's Objections and Responses to Plaintiff's Supplemental Interrogatories and Document Requests to be served via first class mail, upon the following:

>Howard E. Gilbert
>Jason A. Gilbert
>Gilbert Law Group
>425 Broadhollow Road
>Melville, New York 11747-4701
>*Attorneys for Plaintiff*

EPSTEIN BECKER & GREEN, P.C.

By: _____
Jennifer Horowitz
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500
akosovych@ebglaw.com
*Attorneys for Defendant,*
*The New York and Presbyterian Hospital*

10

Firm:45634072