

Attorneys at Law

Jennifer Horowitz
t  212 351 4622
f  212.878.8600
jhorowitz@ebglaw.com

December 4, 2018

**BY ECF**
Hon. Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **Wilson v. New York and Presbyterian Hospital, 17-Civ-5012 (RRM) (CLP)**

Dear Magistrate Judge Pollak:

    We represent defendant The New York and Presbyterian Hospital (the "Hospital") in the above-referenced matter. We received the Court's Order filed today at 11:16 a.m. directing that the Hospital respond to plaintiff's supplemental discovery demands. Respectfully, we ask that this Order be reconsidered after considering the Hospital's opposition to plaintiff's motion. In accordance with Your Honor's Individual Rules of Practice, opposition must be filed within five business days of receipt of plaintiff's motion to compel. The motion to compel was filed and received via ECF on November 27, 2018, and the opposition is due today, December 4, 2018. We prepared and intended to file the opposition today in accordance with Your Honor's Individual Rules of Practice.

    Plaintiff's motion to compel discovery should be denied on the grounds that (1) plaintiff, prior to making this motion, failed to meet and confer in good faith as required by Rule 33 of the Federal Rules of Civil Procedure, Rule 37.3 of the Local Rules for the Eastern District of New York and this Court's Individual Rules of Practice[1]; (2) plaintiff's new interrogatories are untimely and in excess of the allowed 25 interrogatories under Rule 33(a) of the Federal Rules of Civil Procedure; (3) plaintiff is not legally entitled to his supervisor's performance evaluations; and (4) plaintiff's other document demands are for irrelevant documents.

---

[1] Plaintiff also ignores the three-page limit imposed by Rule 37.3 of the Local Rules of the Eastern District of New York for correspondence regarding discovery disputes. The Hospital's response complies with the page limit.

Hon. Cheryl L. Pollak
December 4, 2018
Page 2

     While counsel has characterized his letter as a "last resort" following "frustrated efforts," the fact is that there has been no discussion among counsel regarding plaintiff's discovery demands set forth in this motion. Counsel's disregard of his good faith discussion obligations before resorting to motion practice is a bar to the relief he seeks. *See Zsa Zsa Jewels, Inc. v. BMW of N. Am., LLC*, 2017 U.S. Dist. LEXIS 117439, *4 (E.D.N.Y. July 26, 2017); *North East Marine, Inc. v. Boody*, 2011 U.S. Dist. LEXIS 18618, *3 (E.D.N.Y. Feb. 25, 2011); *Vaigasi v. Solow Mgmt, Corp.*, 2016 U.S. Dist. LEXIS 18460 (S.D.N.Y. 2016) (cases denying motion to compel for failure to comply with good faith obligations).

     Plaintiff's motion should also be denied on the merits. While plaintiff professes to need supplemental discovery "to further explore Defendant's tendency and motive to improperly withhold wages," the Complaint does not make any claim for unpaid wages.[2] Similarly, the Court should reject plaintiff's false accusations that the Hospital is withholding documents.

     Specifically, the Hospital responds as follows:

Document Request No. 1:

     The Hospital has produced all documents that it has located responsive to this request, which are stamped DEF-SW 0000001-3; DEF-ED0000001-96; DEF-EC0000001-479 and DEF 0000746-752 (comprised of emails or notes of Stacie Williams, Vice President, Human Resources; Emily Davis, Director, Human Resources; Eric Carr, former Director, Labor/Employment Relations; and Chastity Cruz-Hamilton, Human Resources Business Partner). The Hospital's diligent search has not revealed any additional responsive documents.

Document Requests 2 and 3:

     Plaintiff is not entitled to obtain the performance ratings of his supervisors, Alan Pine and Sandra Aldea, who are not similarly situated to plaintiff, because this material is irrelevant to whether the Hospital violated plaintiff's rights under wage and hour, state labor and anti-discrimination laws. *See Sabharwal v. Mount Sinai Med. Ctr.*, 2011 U.S. Dist. LEXIS 11023, *16 (E.D.N.Y. Feb. 4, 2011); *Go v. Rockefeller Univ.*, 2012 U.S. Dist. LEXIS 32116, *35 (S.D.N.Y. Mar. 9, 2012) (denying discovery of supervisors' performance evaluations).

Document Request Nos. 4 and 5:

     While plaintiff's request for any and all complaints against Ms. Aldea or Mr. Pine is overbroad, the Hospital has searched for and has not located any complaints of discrimination made against Mr. Pine or Ms. Aldea.

---

[2] Plaintiff admitted at his deposition that his status was changed on October 1, 2015 from exempt to non-exempt, he was paid retroactive compensation for all overtime worked prior to his status change, and he does not allege that he was denied any wages.

Document Request No. 6:

The Hospital has produced the two job descriptions for Projectionist, the position held by plaintiff, that were in effect during plaintiff's employment, stamped DEF000194-195, and DEF 000771-72.

As to the Interrogatories, the Hospital has provided responses to plaintiff's previously served 25 interrogatories, including discrete subparts and properly objected to the supplemental interrogatories as exceeding the twenty-five cap imposed by Rule 33(a) of the Federal Rules of Civil Procedure, and has provided all responsive, relevant information. *See Levin v. Johnson & Johnson*, 2017 U.S. Dist. LEXIS 192090, *15 (E.D.N.Y. Nov. 20, 2017).

Interrogatory Nos. 1 and 2:

The Hospital further objects to Interrogatory Nos. 1 and 2 on the grounds that they mischaracterize the nature of plaintiff's discussion with Human Resources as an "inquiry"; that plaintiff is not entitled to the "total compensation, expenditure, or cost retroactively paid" to his two co-workers because this is not an unpaid wage/hour case, and there is no probative value to this confidential compensation data. Plaintiff testified that he does not claim that the Hospital improperly withheld wages from him.

Interrogatory No. 3:

The Hospital has previously advised plaintiff that it may contact the Hospital's current and former employees through the Hospital's counsel. *See Caraveo v. Nielsen Media Research, Inc.*, 2003 U.S. Dist. LEXIS 7126, *3 (S.D.N.Y. April 24, 2003) (personal addresses of employees of corporate defendants need not be disclosed). As to former employees, plaintiff's request is untimely as discovery has now closed.

For the reasons set forth above, the Hospital urges that plaintiff's motion be denied, and that the Court award the Hospital its attorneys' fees and costs incurred in opposing plaintiff's frivolous motion.

          Respectfully,

          /s/ Jennifer M. Horowitz

          Jennifer M. Horowitz

cc:    Jason A. Gilbert, Esq.  (*via ECF*)

Hon. Cheryl L. Pollak
December 4, 2018
Page 4