UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MICHAEL WILSON,

                        Plaintiff,

          -against-                           **MEMORANDUM AND ORDER**
                                                    17 CV 5012 (RRM) (CLP)

NEW YORK AND PRESBYTERIAN
HOSPITAL,

                        Defendant.
----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

       On August 24, 2017, plaintiff Michael Wilson commenced this lawsuit against New York

and Presbyterian Hospital ("defendant"), alleging, inter alia, violations of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL"), § 215,

for discrimination, harassment, and retaliation he faced after he reported his misclassification as

an exempt employee under the FLSA.

       Presently before the Court is plaintiff's request for discovery, in which he seeks an Order

from the Court directing defendant to provide substantive responses to plaintiff's Supplemental

Interrogatories and Document Requests. For the reasons stated herein, plaintiff's request is

granted in part and denied in part.

PROCEDURAL HISTORY AND FACTUAL BACKGROUND

       On October 24, 2018, this Court held a settlement conference in this matter. Since

settlement proved unlikely, the Court directed plaintiff to serve supplemental discovery requests

by October 29, 2018, with defendant's responses due November 19, 2018. (Minute Entry for

Settlement Conference, Oct. 24, 2018).

1

By letter dated November 27, 2018, plaintiff argues that defendant's objections and responses to plaintiff's Supplemental Interrogatories and Document Requests are "substantially non-responsive to legitimate, relevant, and material discovery requests." (Pl.'s Ltr.[1] at 1).

Defendant responded on December 4, 2018, arguing that plaintiff's request should be denied on both procedural and substantive grounds. First, defendant asserted that plaintiff failed to meet and confer in good faith as required by Federal Rule of Civil Procedure 37[2] and Rule 37.3 of the Local Rules for the Eastern District of New York. (Def.'s Ltr.[3] at 1). Defendant also argues that the requests are "untimely and in excess of the allowed 25 interrogatories under Rule 33(a) of the Federal Rules of Civil Procedure." (Id.) Substantively, defendant alleges that plaintiff is not entitled to his supervisors' performance evaluations and that certain documents that plaintiff seeks are irrelevant.

Plaintiff filed his reply on December 6, 2018, in which he responded to defendant's arguments. First, in response to the argument that plaintiff failed to meet and confer, plaintiff contends that this Court's "Individual Motion Practice and Rules clearly require that the parties submit letters to the Court 'prior to filing any formal motions'" and not prior to submitting a pre-motion letter. (Reply[4] at 1). Accordingly, because Federal Rule of Civil Procedure 37 pertains to formal motions, he argues that there was no meet and confer requirement for the letter that he filed. (Id.) Nevertheless, plaintiff argues that he did in fact meet and confer with defendant at the Settlement Conference before the undersigned on October 24, 2018. (Id.) With respect to

---

[1] Citations to "Pl.'s Ltr." refer to plaintiff's letter, filed on November 27, 2018.
[2] Although defendant cites Federal Rule of Civil Procedure 33 for this proposition, the Court assumes defendant meant Federal Rule of Civil Procedure 37.
[3] Citations to "Def.'s Ltr." refer to defendant's response, filed on December 4, 2018.
[4] Citations to "Reply" refer to plaintiff's Reply, filed on December 6, 2018.

the untimeliness or number of requests permitted under Federal Rule of Civil Procedure 33(a), plaintiff responds that his supplemental discovery requests were proper because they were permitted by this Court, noting that Rule 33(a) explicitly provides for exceptions as set forth by the court.  (Id.)  Finally, plaintiff reiterates his argument that the requests are relevant to the issues at hand.  (Id.)

DISCUSSION

I.      <u>Legal Standards</u>

A.  <u>Federal Rule of Civil Procedure 33</u>

Federal Rule of Civil Procedure 33 provides for "no more than 25 written interrogatories, including all discrete subparts" "[u]nless otherwise stipulated or ordered by the court."  Fed. R. Civ. P. 33.  The Court notes that, at the October 24, 2018 conference, it permitted plaintiff to serve supplemental requests.  Accordingly, the Court rejects defendant's arguments that the requests are untimely and in excess of the 25 interrogatories generally permitted by the Rule.

B.  <u>Federal Rule of Civil Procedure 37</u>

Rule 37 of the Federal Rules of Civil Procedure requires that a motion for an Order compelling discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37 (a)(1).  Similarly, Local Rule 37.3 requires the party seeking discovery to "attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with Fed. R. Civ. P. 37(a)(1)."  Local Rule 37.3.  "'The purpose of the meet and confer requirement is to resolve discovery matters without the court's intervention to the greatest extent possible.'"  <u>Rates Tech., Inc. v. Mediatrix Telecom,</u>

Inc., No. 05 CV 2755, 2010 WL 11626665, at *5 (E.D.N.Y. Jan. 5, 2010), <u>on reconsideration in part</u>, No. 05 CV 2755, 2011 WL 1322520 (E.D.N.Y. Mar. 31, 2011), <u>aff'd</u>, 688 F.3d 742 (Fed. Cir. 2012) (quoting <u>Excess Ins. Co. Ltd. v. Rochdale Ins. Co.</u>, No. 05 CV 10174, 2007 WL 2900217, at *1 (S.D.N.Y. Oct. 4, 2007)).

   C. <u>Federal Rule of Civil Procedure 26</u>

  Federal Rule of Civil Procedure 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed R. Civ. P. 26(b)(1). This rule "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to [an]other matter that could bear on, any issue that is or may be in the case." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978). Thus, discovery may be allowed for subjects not directly related to the main focus of a litigated claim, so long as the Court determines that the requests could reasonably lead to the discovery of information that may ultimately be relevant.

 II. <u>Analysis</u>

  At issue is whether plaintiff's request should be denied on procedural grounds because plaintiff failed to meet and confer in good faith before filing this request with the Court. Plaintiff claims that he filed the letter at issue as a "last resort following frustrated efforts to extract necessary, highly relevant and probative information from Defendant." (Pl.'s Ltr. at 1). Defendant counters by arguing that "there has been no discussion among counsel regarding

plaintiff's discovery demands set forth in this motion." (Def.'s Ltr. at 2). Plaintiff replies by asserting a meet and confer, if one was even required, occurred at the settlement conference on October 24, 2018. (Reply at 1).

Specifically, plaintiff argues that a meet and confer was not required based on the undersigned's Individual Motion Procedures and Rules, which states that parties must submit a letter prior to filing any formal motion. (Id.) According to plaintiff, Local Rule 37.3 "cites FRCP Rule 37 as its basis" (id.), and FRCP 37 only pertains to motions; thus, no meet and confer was required for this letter.

The Court does not agree with plaintiff's overly formalistic reading of the rules. As an initial matter, although this Court does not require pre-motion conferences, the parties are required to meet and confer before bringing any dispute to the attention of this Court. Thus, the parties were required to meet and confer prior to the submission of this letter motion. Plaintiff claims that he met and conferred with defendant prior to speaking with the undersigned at the conference (Reply at 1), but it is not entirely clear to the Court what that meeting entailed. Going forward, the parties are Ordered to confer in good faith prior to raising any dispute with the Court. Nevertheless, since the parties have already provided full briefing, the Court will address the issues raised in the parties' letters.

With respect to the specific requests, plaintiff argues that his requests are relevant to the issues in his Complaint as well as defendant's Answer. (Pl.'s Ltr. at 2). Plaintiff also claims that the requests are relevant to his claim for damages. (Id.) The Court addresses each request in turn.

1. Interrogatory 1: Identify with specificity as defined in the definitions and instructions, the names and total number of employees whose pay status was

altered from overtime exempt to overtime non-exempt as a result of plaintiff's inquiry in or around July 2015.

Plaintiff argues that this information is relevant to the claims of retaliation. He suggests that because he complained about his misclassification as an exempt employee, defendant would have a motive to retaliate against him after it had to provide retroactive payment to employees. (Pl.'s Ltr. at 3). Defendant objects to this request in part because "it assumes that employees [*sic*] pay status was altered as a result of Plaintiff's inquiry or that Plaintiff made an inquiry in July 2015." (Pl.'s Ltr., Ex. A[5] at 4). Although defendant claims that this request pertains to two co-workers (Def.'s Ltr. at 3), plaintiff refutes that claim and suggests that "many employees" may have been reclassified and retroactively paid. (Reply at 2).

The Court finds that whether other employees' pay status was affected by plaintiff's complaint to Human Resources is relevant to the issues set forth in the Complaint. Accordingly, if any employee's pay status was altered, defendant is directed to identify those individuals in accordance with Interrogatory 1. If no one's pay status was altered as a result of plaintiff's inquiry in July 2015, defendant shall so state in its response.

2. <u>Interrogatory 2</u>: Identify with specificity as defined in the definitions and instructions, the total compensation, expenditure, or cost retroactively paid out by Defendant to the employees who had their pay status altered from overtime exempt to non-exempt as a result of plaintiff's inquiry in or around July 2015.

Plaintiff again argues that this information is relevant to defendant's potential motive to retaliate against him. Defendant objects to providing "this confidential compensation data" (Def.'s Ltr. at 3), claiming it is "overbroad and unduly burdensome." (Pl.'s Ltr., Ex. A at 5). In

---

[5] Citations to "Pl.'s Ltr., Ex. A" refer to "Defendant's Objections and Responses to Plaintiff's Supplemental Interrogatories and Document Requests," attached as Exhibit A to plaintiff's letter, filed on November 27, 2018.

response, plaintiff argues that if defendants had to pay a significant amount of money to employees, it would lend support to his claim that defendant retaliated against him. (Reply at 2).

Courts in this Circuit have recognized that an employer has an interest in keeping its employees' personnel records private. McDonnell v. First Unum Life Ins. Co., No. 10 CV 08140, 2012 WL 13933, at *2 (S.D.N.Y. Jan. 4, 2012) (citing Rossini v. Ogilvy & Mather, Inc., 798 F.2d 590, 601 (2d Cir. 1986)); see also Flaherty v. Seroussi, 209 F.R.D. 300, 304 (N.D.N.Y. 2002) (issuing a protective order to protect the financial, medical, and educational information of "individual employees of the City, particularly those who are not parties to the action").

Accordingly, the Court agrees with defendant and finds that it need not produce this overly broad data, absent an agreed-upon protective order to keep the information confidential.

3. Interrogatory 3: As previously requested in Plaintiff's Rule 26 Disclosures, identify with specificity as defined in the definitions and instructions, the current or last known addresses and telephone numbers, respectively, for Eric Carr, Geoff Schmolowitz, Ana Furnari, Jolie Singer, Ryan Johnston, Seth Kavanagh, Emily Davis, Steven Harris, and Chastity Hamilton Cruz.

Plaintiff indicates that he "previously requested this information in his Rule 26 Disclosures, but Defendant had . . . stated that each of the individuals could only be reached through counsel." (Pl.'s Ltr. at 4). Defendant cites as support for its position the decision in Caraveo v. Nielsen Media Research, Inc., where the court held that "personal addresses of employees of corporate defendants need not be disclosed." (Def.'s Ltr. at 3 (citing No. 01 CV 9609, 2003 WL 1986926, at *1 (S.D.N.Y. Apr. 24, 2003), report and recommendation adopted sub nom. Caraveo v. Nielson Media, Inc., No. 01 CV 9609, 2004 WL 2534205 (S.D.N.Y. Nov. 9, 2004)). However, in Caraveo v. Nielsen Media Research, Inc., unlike here, the plaintiff sought to use Federal Rule of Civil Procedure 26(a)(1)(A) "to obtain addresses to serve additional defendants," which the court found improper. 2003 WL 1986926, at *1. Under those

circumstances, the court held that the personal addresses did not have to be disclosed as long as

the corporate defendants produced the individuals for "depositions and other fact gathering

purposes." Id.

On the other hand, in Azkour v. Haouzi, the court directed defendants to provide plaintiff

with the contact information in question after defendants originally insisted that the individuals

could only be contacted through defendants' office. No. 11 CV 5780, 2014 WL 4467897, at *9

(S.D.N.Y. Sept. 9, 2014). To the extent that plaintiff certifies that he does not seek the contact

information to serve additional defendants, this Court Orders defendant to produce the

information.

4. Document Request 1: Any and all notes, whether handwritten, electronic or otherwise, taken by any Human Resources Representative working for Defendant relating to Michael Wilson including, but not limited to, any notes that resulted from any particular meeting held between and Human Resources Representative and Michael Wilson.

Defendant claims that it has not located any additional documents responsive to this

request, which plaintiff finds "incredible and alarming" given the number of meetings plaintiff

had with Human Resources. (Pl.'s Ltr. at 4). Should defendant find additional documents in the

course of this litigation, it is directed to produce them to plaintiff.

5. Document Requests 2 and 3: Any and all employee evaluations performed or otherwise completed for Alan Pine and for Sandra Aldea.

Plaintiff claims these documents are relevant to the extent that "Mr. Pine and Ms. Aldea

engaged in a pattern and practice of acute harassment against Mr. Wilson in retaliation for Mr.

Wilson's reporting numerous violations of law carried out by his employer." (Id.) Defendant

relies on two cases in this Circuit to argue that plaintiff is not entitled to obtain the performance

ratings on his supervisors. (Def.'s Ltr. at 2 (citing Sabharwal v. Mount Sinai Med. Ctr., No. 09

CV 1950, 2011 U.S. Dist. LEXIS 11023, *16 (E.D.N.Y. Feb. 4, 2011) & Go v. Rockefeller Univ., No. 04 CV 4008, 2012 U.S. Dist. LEXIS 32116, *35 (S.D.N.Y. Mar. 9, 2012))).

Plaintiff responds by noting that in Sabharwal v. Mount Sinai Medical Center, the plaintiff had sought the entire personnel file of her supervisor, whereas here, plaintiff is only seeking the performance evaluations of his supervisors. (Reply at 3). Moreover, relevance was not at issue in Sabharwal v. Mount Sinai Medical Center, but rather the question was whether the file was privileged. (Id.) With respect to Go v. Rockefeller University, plaintiff argues that the case is inapposite because "the conduct of [that plaintiff's] direct supervisors was not in issue and therefore was not relevant." (Id.)

To the extent that there any employee evaluations of Mr. Pine and Ms. Aldea, and to the extent that they reference retaliatory, harassing, or discriminatory behavior, the Court finds that they are relevant to plaintiff's claim of retaliation. Accordingly, if such files exist, defendant is Ordered to produce them.

6. Document Requests 4 and 5: Any and all complaints made, formally or informally, by any Hospital employee regarding Alan Pine and Sandra Aldea.

Defendant asserts that "[s]ubject to and without waiving any objections, Defendant has not located any complaints made against Alan Pine" or Sandra Aldea. (Pl.'s Ltr., Ex. A at 7-8). Plaintiff has no objection if no such documents exist, but if, "through the course of trial testimony, an employee indicates otherwise, Plaintiff reserves his right to request that such complaints be produced, and that a negative inference be directed as a result of Defendant's representation." (Pl.'s Ltr. at 5).

Given that defendant states that it has not located any documents relevant to this request, defendant need not produce any documents at this time. The Court agrees with plaintiff,

however, that should defendant locate such documents in the future, it is required to produce them to plaintiff.

7. <u>Document Request 6</u>: Plaintiff's job description from the time he was employed by Defendant, including any previous versions which were altered in the course of his employment.

Plaintiff argues that this request is relevant because when he was originally hired, he was improperly classified as exempt from eligibility for overtime pay. When he was re-classified after speaking with Human Resources, his job title remained the same. (<u>Id.</u> at 5).

Defendant contends that it has produced two job descriptions in response to this request. (Pl.'s Ltr., Ex. A at 8). The Court Orders defendant to respond to this request by indicating whether other job descriptions exist. If they do, defendant is Ordered to produce them. If they do not, defendant is Ordered to indicate that to plaintiff.


CONCLUSION

For the reasons set forth above, the Court grants plaintiff's discovery request in part and denies it in part. Defendant is Ordered to respond to the requests as set forth above by **January 7, 2019.**

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
        December 12, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York