UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MICHAEL WILSON,

                Plaintiff,

      - v -

NEW YORK AND PRESBYTERIAN HOSPITAL
d/b/a NEW YORK-PRESBYTERIAN HOSPITAL,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. 17-CV-5012
(RRM)(CLP)

**Oral Argument Requested**

# DEFENDANT'S REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

EPSTEIN BECKER & GREEN, P.C.
875 Third Avenue
New York, New York 10022
(212) 351-4500

*Attorneys for Defendant*
*The New York and Presbyterian Hospital*

# **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    A.    Plaintiff's Opposition Fails to Comply With Local Civil Rule 56.1. ............................... 1

    B.    The Court Should Disregard Plaintiff's Declaration ......................................................... 2

    C.    The Court Should Disregard the Harris Declaration........................................................... 3

    D.    Plaintiff Has Abandoned His Race, National Origin,
and Age Discrimination and Hostile Work Environment Claims. ..................................... 4

    E.    Plaintiff Has Abandoned His Discriminatory
Discipline and Termination Claims. ...................................................................................... 5

    F.    Plaintiff's Hostile Work Environment Claims
Based on Sex Should Be Dismissed. ..................................................................................... 6

    G.    Plaintiff Has Failed To Raise A Genuine Dispute
of Material Fact Regarding His Retaliation Claims............................................................ 6

        1.    Plaintiff Has Failed to Present Evidence of
Any Protected Activity Under the FLSA, NYSHRL, OR NYLL................................ 7

        2.    Plaintiff Has Failed to Raise a Genuine
Issue of Material Fact That He Suffered Any Retaliatory Actions *Because of* Any
Protected Activity. ........................................................................................................ 9

CONCLUSION............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ani-Deng v. Jeffboat LLC*,
　777 F.3d 452 (7th Cir. 2015) ...................................................................................................4

*Aouatif v. City of N.Y.*,
　No. 07-CV-1302, 2019 WL 2410450 (E.D.N.Y. May 31, 2019), *aff'd*, 81 F.
　App'x 711 (2d Cir. 2020)..........................................................................................................4

*Bickerstaff v. Vassar Coll.*,
　196 F.3d 435 (2d Cir. 1999)......................................................................................................2

*Blasi v. N.Y.C. Bd. of Educ.*,
　No. 00-CV-5320, 2012 WL 3307227 (E.D.N.Y. Mar. 12, 2012), *report and
　rec. adopted*, 2012 WL 3307346 (Aug. 12, 2012), *aff'd*, 544 F. App'x 10 (2d
　Cir. 2013 ................................................................................................................................5

*Brown v. Henderson*,
　257 F.3d 246 (2d Cir. 2001).....................................................................................................2

*Palazzo ex rel Delmage v. Corio*,
　232 F.3d 38 (2d Cir. 2000).......................................................................................................2

*Dixon v. Int'l Fed'n of Accountants*,
　No. 10-CV-1924, 416 F. App'x 107 (2d Cir. Mar. 25, 2011)...................................................6

*Garrett v. Garden City Hotel, Inc.*,
　No. 05-CV-962, 2007 WL 1174891 (E.D.N.Y. Apr. 19, 2007) ...............................................9

*Grady v. Affiliated Cent., Inc.*,
　130 F.3d 553 (2d Cir. 1997).....................................................................................................5

*Hartley v. Rubio*,
　785 F. Supp. 2d 165 (S.D.N.Y. 2011)..................................................................................1, 2

*Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*,
　716 F.3d 10 (2d Cir. 2013).......................................................................................................8

*Krasner v. HSH Nordbank AG*,
　680 F. Supp. 2d 502 (S.D.N.Y. 2010).................................................................................8, 10

*Lizardo v. Denny's, Inc.*,
　270 F.3d 94 (2d Cir. 2001).......................................................................................................5

*Newsome v. IDB Cap. Corp.*,
    No. 13-CV-6576, 2016 WL 1254393 (S.D.N.Y. Mar. 28, 2016) ............................................2

*Pape v. Bd. of Educ.*,
    No. 07-CV-8828, 2013 WL 3929630 (S.D.N.Y. Jul. 28, 2013) ..............................................2

*Richards v. N.Y City Dep't of Educ.*,
    No. 13-CV-16, 2015 WL 4164746 (S.D.N.Y. July 10, 2015) ................................................5

*Rodriguez v. Schneider*,
    No. 95-CV-4083, 1999 WL 459813 (S.D.N.Y. June 29, 1999) .............................................2

*Ruiz v. Cty. of Rockland*,
    609 F.3d 486, 492 (2d Cir. 2010) ..........................................................................................5

*Silva v. Peninsula Hotel*,
    509 F. Supp. 2d 364 (S.D.N.Y. 2007) ....................................................................................5

*Soliman v. Deutsche Bank AG*,
    No. 03-CV-104, 2004 WL 1124689 (S.D.N.Y. May 20, 2004) .........................................8, 10

*Taylor v. City of N.Y.*,
    269 F. Supp. 2d 68 (E.D.N.Y. 2003) .....................................................................................4

*Vinokur v. Sovereign Bank*,
    701 F. Supp. 2d 276 (E.D.N.Y. 2010) ...................................................................................9

*Watkins v. First Student, Inc.*,
    No. 17-CV-1519, 2018 WL 1135480 (S.D.N.Y. Feb. 18, 2018) ............................................8

**Other Authorities**

Fed. R. Civ. P. 56(c)(4) ...................................................................................................................3

Fed. R. Civ. P. 56.1 ................................................................................................................1, 2, 6

Fed. R. Evid. 602 ...........................................................................................................................3

Fed. R. Evid. 802 ...........................................................................................................................4

## PRELIMINARY STATEMENT

Plaintiff has failed to demonstrate with admissible evidence any genuine dispute in the Hospital's Rule 56.1 Statement of Undisputed Material Facts ("Rule 56.1 Statement"). Rather than point to countervailing facts or evidence to address the Hospital's Rule 56.1 Statement in his opposition, Plaintiff's counsel has submitted a wholly conclusory declaration by Plaintiff – as well as a declaration by one of his former co-workers – in which he parrots the allegations in the Complaint, contradicts deposition testimony, and asserts speculative and conclusory opinions without citation to admissible evidence. Plaintiff's submission is insufficient to save his claims from summary judgment dismissal.

## ARGUMENT

### A.   Plaintiff's Opposition Fails to Comply With Local Civil Rule 56.1.

Plaintiff's opposition fails to comply with the applicable Local Civil Rules, and therefore, fails to create any issue of fact. Under Local Civil Rule 56.1, Plaintiff was required to include with his opposition a response to the Hospital's Rule 56.1 Statement controverting each fact that he contends is at issue, followed by citation to admissible evidence. Local Civ. R. 56.1. Plaintiff's counterstatement fails to meet this requirement.

Plaintiff's counterstatement is replete with lengthy immaterial and irrelevant allegations that are not supported by admissible evidence, as well as editorializing of counsel with improper commentary that fail to controvert the material facts asserted by the Hospital. Plaintiff effectively has done an end run around this Court's page limitations for opposition briefs by including extensive legal and factual arguments in his responses. *See* Individual Rule B.8. Accordingly, the Court should disregard Plaintiff's improper responses and deem the Hospital's statements admitted under Local Civil Rule 56.1(c). *See Hartley v. Rubio*, 785 F. Supp. 2d 165, 170 n.1 (S.D.N.Y. 2011) (in arriving at undisputed facts, court disregarded conclusory or non-responsive objections,

objections that omit citations to admissible evidence, "responses that simply advocate for a different spin on otherwise uncontroverted facts," and "responses that contradict [Plaintiff's] prior deposition testimony"); *Pape v. Bd. of Educ.*, No. 07-CV-8828, 2013 WL 3929630, at *2 n.2 (S.D.N.Y. Jul. 28, 2013) (disregarding averments in plaintiff's Rule 56 statement that were not denials of the specific facts, not supported by citations to admissible evidence, contradicted by other admissible evidence, or improper legal arguments); *Rodriguez v. Schneider*, No. 95-CV-4083, 1999 WL 459813, at *1 n.3 (S.D.N.Y. June 29, 1999) ("*Rule 56.1 statements are not argument.* They should contain factual assertions, with citation to the record. They should not contain conclusions[.]" (emphasis in original)).

### B. The Court Should Disregard Plaintiff's Declaration

The Court should disregard Plaintiff's self-serving declaration because it is wholly conclusory and contradicts his sworn deposition testimony in many respects. "It is beyond cavil that 'a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that … contradicts the affiant's previous deposition testimony.'" *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 454-55 (2d Cir. 1999); see also *Brown v. Henderson*, 257 F.3d 246, 256 (2d Cir. 2001). "Waiting until plaintiffs have read or been briefed as to defendant's summary judgment motion before they 'remember' what happened is not permitted. Plaintiffs cannot testify in deposition that they have identified all of the facts underlying their claims, and then submit an affidavit in which they happen to recollect other key facts." *Newsome v. IDB Cap. Corp.*, No. 13-CV-6576, 2016 WL 1254393, at *15 n.33 (S.D.N.Y. Mar. 28, 2016). Plaintiff's declaration is rife with such contradictions. Accordingly, the Court should reject Plaintiff's declaration in its entirety. *Hartley*, 785 F. Supp. 2d at 170 n.1 ("a party's affidavit that contradicts his or her own prior testimony cannot raise a genuine issue of fact on a motion for summary judgment"); *Palazzo ex rel Delmage v. Corio*, 232 F.3d 38, 43 (2d Cir. 2000) ("[I]n opposing summary judgment, a party

2

who has testified to a given fact in his deposition cannot create a triable issue of fact merely by submitting an affidavit denying the fact.").

### C. The Court Should Disregard the Harris Declaration.

The Court also should disregard the Declaration of Plaintiff's co-worker, Steven Harris, because it fails to comply with Federal Rule of Civil Procedure 56(c)(4). Which requires that declarations used to support or oppose a motion for summary judgment must be made on personal knowledge and must set out facts "that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Further, it is well settled that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. The Harris Declaration fails to meet these requirements.

The vast majority of Harris' assertions lack foundation in fact or personal knowledge, and therefore Harris is not competent to testify on the matters asserted in his declaration. For example, Harris states that, "[a]fter Mr. Wilson went to Human Resources … it became clear that Mr. Wilson was *persona non grata* and the target of Mr. Pine and Ms. Aldea," and that he observed "intense bullying, harassment, and false allegations" against Plaintiff. (Harris Decl. ¶27). Notwithstanding Harris' parroting the *elements* of Plaintiff's claims and allegations in the Complaint, there are no facts or admissible evidence showing that Harris has personal knowledge of any alleged harassment or the reasons for any decision by the Hospital concerning Plaintiff's employment. Conspicuously absent from Harris' declaration are any facts regarding the alleged "bullying" or "harassment," and he provides no information to establish that he had personal knowledge of the purported falsity of "allegations" against Plaintiff. Harris' declaration is rife with similar assertions that lack foundation. (*See* Harris Decl. ¶¶ 8, 23-25, 28-29, 31-32, 35, 44, 57, 60, 74-75, 81, 85).

3

In addition, Harris' statements constitute inadmissible hearsay barred by Federal Rule of Evidence 802, and Harris makes no attempt to show that any exception to the hearsay rule applies. (*See, e.g.*, Harris Decl. ¶¶ 22, 71). Based on these deficiencies, Harris' declaration is not entitled to any weight in opposing the Hospital's well-supported summary judgment motion. *Ani-Deng v. Jeffboat LLC*, 777 F.3d 452, 454 (7th Cir. 2015) (co-worker's affidavit entitled to no weight in evaluating employer's motion for summary judgment where co-worker had no personal knowledge and did not provide facts to establish foundation for statements).

### D. Plaintiff Has Abandoned His Race, National Origin, and Age Discrimination and Hostile Work Environment Claims.

Plaintiff entirely fails to dispute the Hospital's citation of undisputed facts in the record and legal arguments defeating his race, national origin, and age discrimination claims. Indeed, the words "national origin," "race," and "age" do not appear anywhere in his opposition brief or declaration. On this basis alone, the Court should grant summary judgment on those claims. *Taylor v. City of N.Y.*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) ("[f]ederal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way"; dismissing claims not addressed in plaintiff's opposition) (citing *Douglas v. Victor Capital Grp.*, 21 F. Supp. 2d 379, 393 (S.D.N.Y. 1998) (collecting cases)); *Aouatif v. City of N.Y.*, No. 07-CV-1302, 2019 WL 2410450, at *14 (E.D.N.Y. May 31, 2019), *aff'd*, 81 F. App'x 711 (2d Cir. 2020) ("Because [plaintiff] has not addressed her claim against the City in any of her briefs, the Court deems it abandoned and grants summary judgment thereon.").

As demonstrated in the Hospital's moving brief, Plaintiff's race, national origin, and age discrimination claims fail on the merits (Def. Br. 10-16), and Plaintiff has conceded his admissions that: (1) there were no discriminatory statements or actions towards him by Pine, Aldea or anyone

4

else at the Hospital based on his race, age, or national origin; and (2) nobody at the Hospital created a hostile work environment because of his race, age, or national origin.  (Pl. Counterstmt. ¶¶ 46-48, 58-61, 66-68, 70-72, 74, 76).  As there is no genuine dispute of material fact on Plaintiff's race, national origin, and age discrimination claims, the Court should dismiss these claims entirely.

### E. Plaintiff Has Abandoned His Discriminatory Discipline and Termination Claims.

Plaintiff's opposition fails to dispute the Hospital's undisputed facts and admissible evidence showing that the Hospital's decision to issue him disciplinary action and terminate his employment were wholly unrelated to his race, sex, national origin, or age. (Def. Br. at 13-16). Conspicuously absent from Plaintiff's declaration is a statement, supported by admissible record evidence, that the disciplines he received or the termination of his employment were based on discrimination because of his race, gender, national origin, or age.  Instead, Plaintiff argues exclusively that he was "subjected to unlawful retaliation culminating in his discharge." (See, e.g., Pl. Opp. at 13). Given the complete absence of any evidence of race, national origin, gender, or age-based animus, Plaintiff's discrimination claims based on his disciplines and termination should be dismissed.1 See *Richards v. N.Y City Dep't of Educ.*, No. 13-CV-16, 2015 WL 4164746, at *9 (S.D.N.Y. July 10, 2015); *Ruiz v. Cty. of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010); *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 560 (2d Cir. 1997).2

---

[1] The following undisputed facts, admitted by Plaintiff, further dispel any assertion that Pine and Aldea acted with discriminatory animus:  (1) Stephens, his male Caucasian co-worker, also received disciplinary action for the same conduct; and (2) Aldea and Pine (who also is a Caucasian male) hired Plaintiff knowing his gender and race. (Pl. Counterstmt. ¶¶ 31, 32, 35, 38, 200; 56.1 Reply ¶¶ 31, 32, 35, 38, 200).

[2] Plaintiff's opposition does "little more than to cite to [his alleged] mistreatment and ask the court to conclude that it must have been related to [his gender]. This is not sufficient."  *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 104 (2d Cir. 2001) (citation omitted); *Blasi v. N.Y.C. Bd. of Educ.*, No. 00-CV-5320, 2012 WL 3307227, at *22 (E.D.N.Y. Mar. 12, 2012), *report and rec. adopted*, 2012 WL 3307346 (Aug. 12, 2012), *aff'd*, 544 F. App'x 10 (2d Cir. 2013) ("Simply because plaintiff was terminated from his position … and is a white Christian male does not compel the conclusion that plaintiff was terminated because he is a white Christian male.… [A]bsent some evidence of discriminatory intent, bad treatment does not establish a violation") (citation omitted); *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 386 (S.D.N.Y. 2007) (Plaintiff's "subjective belief that [she] was not treated fairly is simply not enough to demonstrate pretext.").

5

## F. Plaintiff's Hostile Work Environment Claims Based on Sex Should Be Dismissed.

Plaintiff's oppositon makes clear that there is no genuine issue of fact regarding his sex-based hostile work environment claims, and therefore, these claims also should be dismissed. Plaintiff provides only four examples of what he claims constituted "hostile workplace sexual harassment", none of which have anything to do with Plaintiff or his male gender: (1) an alleged comment by Pine referring to Aldea as a "dog" in May 2015; (2) an alleged a remark by Pine about Harris being a "sex addict"; (3) his co-worker Stephens once allegedly "watch[ed] pornography in the office"; and (iv) "potential quid pro quo sexual harassment"3. (Pl. Opp. at 22). None of these allegations, taken together or alone, is sufficient to give rise to a hostile work environment claim because there is no evidence that they had anything to do with Plaintiff or that they had any effect on his job. *Dixon v. Int'l Fed'n of Accountants*, No. 10-CV-1924, 416 F. App'x 107, 110 (2d Cir. Mar. 25, 2011) (summary order). In any event, Plaintiff's hostile work environment claim is barred by his admissions, confirmed in his opposition, that: neither Aldea nor Pine or any other manager, officer, or executive of the Hospital ever said anything to Plaintiff that was discriminatory or derogatory to Plaintiff because of his sex; and nobody at the Hospital created a hostile work environment based on Plaintiff's sex. (Pl. Counterstmt. ¶¶ 49, 61, 69, 73, 75).

## G. Plaintiff Has Failed To Raise A Genuine Dispute of Material Fact Regarding His Retaliation Claims.

As demonstrated in the Hospital's Rule 56.1 Statement and moving brief, the Hospital had legitimate, non-discriminatory and non-retaliatory reasons for disciplining Plaintiff and for terminating his employment, namely, his failure to cooperate and work as part of a cohesive team

---

[3] Plaintiff concedes all of his admissions and/or fails to controvert with admissible evidence that his claims about a purported relationship between Aldea and Pine have no foundation in personal knowledge. (Reply 56.1 ¶¶ 202, 204, 207, 211; Pl. Counterstmt. ¶¶ 206, 208-210).

6

with his colleagues, his refusal to follow Aldea's instructions, and his repeated disruptions to the operations in the Media Services department, which culminated in an altercation with his co-worker after he made an inappropriate comment about his supervisor. (*See* 56.1 ¶¶ 138-62, 166-78, 183-92; Reply 56.1 ¶¶ 138-62, 166-78, 183-92). Faced with these undisputed facts, Plaintiff resorts to blanket denials and shifting blame for his misconduct, falsely asserting that he "was set up for termination by [the Hospital] because [he] caught them misclassifying employees in [his] department, reported unlawful and discriminatory conduct by Mr. Pine, and asked questions about the terms and conditions of [his] employment." (Pl. Dec. ¶131). While he asserts that his "termination was the culmination of nearly a year of the Hospital retaliating against [him]" (Pl. Decl. ¶129), these conclusory assertions have no basis in the factual or admissible evidence. Thus, Plaintiff has failed to create a genuine issue of material fact as to his *prima facie* retaliation claims.

### 1. Plaintiff Has Failed to Present Evidence of Any Protected Activity Under the FLSA, NYSHRL, OR NYLL.

Plaintiff's opposition makes clear that none of his purported complaints to his supervisors or Human Resources could be fairly understood as relating to his exempt status or any prohibited discrimination or statutory violation, as is required to establish a *prima facie* claim of retaliation under the FLSA, NYSHRL, and NYLL, respectively:

- FLSA: While Plaintiff asked a question "about being on-call," he admits that when he raised this question with Human Resources, he did not understand it to relate to his status as an exempt employee under the FLSA. (*See* 56.1 ¶¶120-122; Pl. Counterstmt. ¶122; Reply 56.1 ¶¶120-122). There is no record evidence that Plaintiff ever raised the classification status of the Senior Projectionist's position on behalf of his co-workers.

- NYSHRL: In all of his communications with Human Resources, Plaintiff has failed to identify a single complaint he ever made about discriminatory or harassing conduct toward him *based on his race, national origin, or age*. Rather, he points to two stray remarks by Pine – one about Plaintiff's co-worker and the other about Aldea – and his speculation about a sexual relationship between Pine and Aldea that did not exist.[4] (*See* Pl. Opp. at 13-

---

[4] Further, Plaintiff admits that the alleged "dog" comment occurred in May 2015, and yet he did not report it to anyone at the Hospital, and instead, simply recorded it in his notes prepared for litigation. (Pl. Opp. at 22).

7

14, 22; *see* 56.1 ¶¶ 57, 206, 208-210, 221-222; Pl. Counterstmt. ¶¶ 57; 56.1 Reply ¶¶ 202, 204, 207, 211, 221-222). No reasonable person would understand Plaintiff to be complaining about prohibited discrimination because none of these complaints concerned issues having to do with Plaintiff or any protected category.[5]

- NYLL: Plaintiff has failed to controvert with admissible evidence the undisputed facts that he had no basis to complain about unsanitary equipment (56.1 ¶¶ 86-87; Reply 56.1 ¶¶ 86-87) or that he ever raised complaints about matters affecting anyone but himself. Although Plaintiff's opposition makes vague and conclusory assertions that he "reported multiple violations of New York State Labor Law," Plaintiff presents no facts or admissible evidence showing any complaints concerning statutory violations. (*See* Pl. Opp. at 23-24; Pl. Counterstmt. ¶212; Reply 56.1 ¶¶ 92, 212).

Contrary to Plaintiff's assertions in his opposition, none of his purported complaints constituted protected activity under the FLSA, NYSHRL, or NYLL. Therefore, Plaintiff has failed to establish a *prima facie* case of retaliation. *Watkins v. First Student, Inc.*, No. 17-CV-1519, 2018 WL 1135480, at *10 (S.D.N.Y. Feb. 18, 2018) (no protected activity where plaintiff merely informed manager of improper payment of overtime hours and provided no "basis … to infer that she was claiming an FLSA or NYLL violation, as opposed to expressing that she did not understand her overtime pay"); *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 17 (2d Cir. 2013) (plaintiff's "continual repetition of the words 'discrimination' and 'harassment'" did not constitute protected activity "[b]ecause there is no indication that [plaintiff] believed that her sex had anything to do with her treatment"); *Soliman v. Deutsche Bank AG*, No. 03-CV-104, 2004 WL 1124689, at *13 (S.D.N.Y. May 20, 2004) ("Implicit in the requirement that the employer have been aware of the protected activity is the requirement that it understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII."); *Krasner v. HSH Nordbank AG,* 680 F. Supp. 2d 502, 521 (S.D.N.Y. 2010) (dismissing retaliation claims where plaintiff "failed to couch [his] complaint in terms of gender

---

[5] To the extent Plaintiff maintains that he engaged in protected activity by complaining about urine on the bathroom floor, this too, had nothing to do with Plaintiff or his sex, gender, or any other protected activity, and he has admitted that he was allowed to use a different bathroom. (56.1 56.1 Reply ¶¶ 225-226).

8

discrimination, 'there was nothing in [his] protests that could reasonably have led [HSH] to understand that gender was the nature of [his] objections.'").

### 2. Plaintiff Has Failed to Raise a Genuine Issue of Material Fact That He Suffered Any Retaliatory Actions *Because of* Any Protected Activity.

In addition to failing to establish the first element of a *prima facie* retaliation claim (protected activity), Plaintiff's opposition fails to raise a genuine issue of material fact that he suffered an adverse employment action *because of* any of his alleged complaints. Plaintiff's exclusive reliance on alleged temporal proximity (*see* Pl. Opp. 22, 23-24), is insufficient to establish the requisite causal connection.

Plaintiff's opposition glosses over the undisputed facts, admitted by Plaintiff, that the Hospital's reclassification of Plaintiff's job from exempt to non-exempt and its payment to Plaintiff for all overtime work through the date of reclassification (with which he was "very pleased") preceded his verbal and written warnings and termination of employment by at least four months. (56.1 ¶¶ 121, 125-31, 160-62, 195; Reply 56.1 ¶¶ 121, 131, 160-62, 195; Pl. Counterstmt. ¶125-30). Plaintiff's attempt to create a causal connection based on temporal proximity for his FLSA retaliation claim thus fails. *See, e.g., Vinokur v. Sovereign Bank*, 701 F. Supp. 2d 276, 296 (E.D.N.Y. 2010); *Garrett v. Garden City Hotel, Inc.*, No. 05-CV-962, 2007 WL 1174891, at *21 (E.D.N.Y. Apr. 19, 2007). The same is true for Plaintiff's NYLL retaliation claims: the evidence shows that the Hospital reclassified the jobs of the Senior Projectionists on the same date as Plaintiff (October 1, 2015); Plaintiff's inquiry with his co-worker about sanitizing equipment occurred in late 2014 and his other purported reports of unsafe work conditions occurred in August 2015. The time gap between these occurrences and Plaintiff's disciplinary actions and termination is far too long to establish a causal connection.

9

While Plaintiff attempts to establish his NYSHRL retaliation claim by repeating *ad nauseum* his conclusory assertions that he was subjected to a retaliatory hostile work environment, there is no evidence that any alleged stray remarks attributed to Pine and Aldea had any effect on the terms and conditions of Plaintiff's employment, and Plaintiff has done nothing to demonstrate that any of the alleged actions had anything to do with his communications with Human Resources. *Krasner*, 680 F. Supp. 2d at 522 (dismissing retaliation claim where "any adverse employment actions that befell [plaintiff]—while quite plausibly a product of [his supervisor's] displeasure with [plaintiff] for complaining about him—could not have been undertaken in retaliation for any protected activity) (collecting cases); *Soliman*, 2004 WL 1124689, at *13 ("Because [the defendant] would not have understood that [the plaintiff's complaints] had anything to do with sexual harassment, [any] subsequent retaliation cannot, as a matter of law, amount to an unlawful retaliation"). Because Plaintiff has failed to raise any genuine dispute of fact regarding causal connection required for his FLSA, NYSHRL, and NYLL claims, these claims must be dismissed.

## CONCLUSION

Based on the foregoing reasons and all of the reasons set forth in the Hospital's moving brief and Rule 56.1 Statement, the Hospital respectfully requests that the Court grant its motion for summary judgment and dismiss the Complaint with prejudice, and award attorneys' fees and costs incurred in making this motion and any other relief the Court deems just and proper.

August 17, 2020

                                            EPSTEIN BECKER & GREEN, P.C.

                                            By: ___*/s/ James S. Frank*_____
                                                  James S. Frank
                                                  Adriana S. Kosovych
                                            875 Third Avenue
                                            New York, New York 10022
                                            Tel: (212) 351-4500
                                            Fax: (212) 878-8600
                                            *Attorneys for Defendant*